DIF

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 0 3 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

OSIRIS MOSLEY,

                              Plaintiff,

        -AGAINST-

JAMAAL MILLER, SHIELD NO. 18339 POLICE
OFFICER OF THE NEW YORK CITY POLICE
DEPARTMENT, (SUED IN HIS INDIVIDUAL
CAPACITY),

                            Defendant.

-------------------------------------------------------------------------x

**STIPULATION AND
ORDER OF
SETTLEMENT AND
DISMISSAL**

10-CV-339 (ARR)(JMA)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about January 15, 2010 alleging that defendant violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendant has denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the plaintiff and the defendant now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **WHEREAS,** plaintiff Osiris Mosley has agreed to settle this matter against defendant Police Office Miller on the terms enumerated below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.     The above-referenced action is hereby dismissed against defendant, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.     The City of New York hereby agrees to pay plaintiff the sum of **One Thousand Five Hundred ($1,500) Dollars** in full satisfaction of all claims, inclusive of claims for costs, expenses and attorneys' fees as against defendant. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all claims against defendant, and to release the defendant and any present or former officials, employees, representatives and agents of the City of New York, or any agency thereof, from any and all liability, claims, or rights of action that were or could have been alleged in this action, including claims for costs, expenses and attorneys' fees.

3.     Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendant that he has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the

United States, the State of New York, or the City of New York, or any other rules, regulations or bylaws of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York, the New York City Police Department, and New York City Police Officer Jamaal Miller regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.    This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: Brooklyn, New York
       August 27, 2010

Mr. Osiris Mosley
*Plaintiff Pro Se*
09-A-2688
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, New York 12788-1000

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney For Defendant Miller*
100 Church Street
New York, NY 10007
(212) 788-1041


By: _Osiris Mosley_____
       Osiris Mosley

By: _____
       Ryan G. Shaffer
       Assistant Corporation Counsel


SO ORDERED:

/Signed by Judge Ross/

_____
       Allyne R. Ross U.S.D.J.